```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION

HOWARD W. LITTELL,

        Plaintiff,

v.                                  CASE NO:  8:11-cv-1276-T-33AEP

STATE OF FLORIDA, FORMER AND
CURRENT GOVERNORS OF THE STATE
OF FLORIDA, FORMER AND CURRENT
ATTORNEYS GENERAL OF THE STATE
OF FLORIDA, THE FLORIDA BAR,
THIRTEENTH CIRCUIT COURT OF
HILLSBOROUGH COUNTY/PROBATE,
and SECOND COURT OF APPEALS
OF TAMPA, FLORIDA

        Defendants.
_____/
```

**ORDER**

This cause comes before the Court pursuant to the Florida Bar's Motion to Dismiss (Doc. # 13), filed October 31, 2011. Also before this Court is the Judicial Qualifications Commission's Motion to Dismiss (Doc. # 14), filed November 9, 2011. Pro se Plaintiff Howard W. Littell filed a response in opposition thereto (Doc. # 16) on November 21, 2011.[1] The Judicial Qualifications Commission filed a Renewed Motion to Dismiss (Doc. # 20) on February 23, 2012, and the Florida Bar filed a Renewed Motion to Dismiss (Doc. # 21) on February 24,

---

[1] The Court construes Littell's correspondence as a response to both Motions to Dismiss.

2012. The Renewed Motions include the same arguments and authority as the original motions.

Governor Rick Scott, Attorney General Pam Bondi and former Attorney General Bill McCollum filed a Motion to Dismiss (Doc. # 22, the "Executive Motion") on February 28, 2012. Littell did not file a response. Instead, Littell filed a document captioned "Motion for Default Rule 107(b) Civil Action" (Doc. # 31).[2] The Motion for Default includes as an exhibit copies of the Executive Motion and the Renewed Motions (Doc. # 31-1), and further reiterates Littell's arguments.

As discussed more fully below, the Court finds that it does not have subject matter jurisdiction over this action. This case is therefore to be dismissed with prejudice.

I. **Background and Procedural History**

Littell filed suit in this Court on June 9, 2011, on behalf of himself and five other beneficiaries, and as Trustee of the Herman Family Revocable Trust. (Doc. # 1). To facilitate understanding of Littell's claims, the Court will briefly review the history of the Herman Family Revocable

---

[2] Defendants the State of Florida, the Thirteenth Circuit Court of Hillsborough County/Probate and the Second Court of Appeals of Tampa, Florida did not respond to the Complaint. However, the Motion for Default appears to be directed toward all Defendants.

2

Trust, which was executed in 1992 by Kenneth and Betty Herman.[3] Littell was not named in the original Trust, which provided that all assets were to be distributed to Michael L. Dyer and Don I. Dyer after the death of the last settlor. After Mr. Herman's death in 1995, however, Mrs. Herman executed amendments to the Trust, ultimately naming Littell as sole trustee, the beneficiary of a yacht, and the residual beneficiary of the Trust assets after dispersing $40,000 in cash gifts and a charitable donation to the University of South Florida.

After Mrs. Herman's death in 2001, the Dyers brought suit in Florida probate court, challenging the validity of the amendments made to the Trust after Mr. Herman's death. The probate court ruled in favor of the Dyers, finding that the Trust became irrevocable upon Mr. Herman's death. Littell filed a legal malpractice action against the attorneys and law firms responsible for drafting the original Trust instrument and the amendments naming Littell as beneficiary. The District Court granted summary judgment in favor of the defendants, which the Eleventh Circuit affirmed on appeal.

---

[3] This background is taken from the Eleventh Circuit's discussion in <u>Littell v. Law Firm of Trinkle, Moody, Swanson, Byrd and Colton</u>, 345 F. App'x 415 (11th Cir. 2009).

Littell now seeks to right the perceived injustice done in probate court, asking this Court to "correct the Florida state courts" and "address[] wrong doing by the State of Florida." (Doc. # 1 at ¶ 1). Littell names as Defendants the State of Florida, former and current Governors of the State of Florida, former and current Attorneys General of the State of Florida, the Florida Bar, the Thirteenth Circuit Court of Hillsborough County and the Second District Court of Appeals.

The Complaint lists three counts: (1) Civil Rights Violation, U.S. Constitution; (2) Violation of the First and Fourteenth Amendments; and (3) Conspiracy to Defraud the Herman Family Revocable Trust and Its Trustee. In essence, Littell argues that he is the only legal trustee of the Herman Family Revocable Trust and that the Florida probate court incorrectly held otherwise. He claims damages in excess of $20 million.

Although Littell did not effect service of process until eight months after filing the Complaint, some Defendants have responded with motions to dismiss. The Judicial Qualifications Commission has joined this case as a movant.

## II. Standard of Review

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its

statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Furthermore, "a court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction." Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001) (quoting Capitol Leasing Co. v. Fed. Deposit Ins. Corp., 999 F.2d 188, 191 (7th Cir. 1993)).

### III. Discussion

This Court determines that it does not have subject matter jurisdiction in this case in light of the Rooker-Feldman doctrine. As the Eleventh Circuit has explained:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000). The doctrine rests on the longstanding interpretation of 28 U.S.C.

5

§ 1257 as vesting authority to review a state court's judgment solely in the Supreme Court. <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 292 (2005

Some courts have held that the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." <u>Wood v. Orange County</u>, 715 F.2d 1543, 1547 (11th Cir. 1983). Nonetheless, the determination should "focus on the federal claim's relationship to the issues involved in the state court proceeding, instead of on the type of relief sought by the plaintiff." <u>Goodman</u>, 259 F.2d at 1333.

Littell claims an unspecified "Civil Rights Violation, U.S. Constitution" as well as "Violation of the First and Fourteenth Amendments." (Doc. # 1). However, the Court finds that these claims "succeed only to the extent that the state court wrongly decided the issues before it." <u>Siegel</u>, 234 F.3d at 1172. In his Complaint, Littell states, for example (errors in original): "The state courts of Florida, did not know the Florida laws very well, and or even apply Florida laws." (Doc. # 1 at ¶ 10). "The wrong legal frame work was caused only by the state courts and the Florida courts and it's judges." (<u>Id.</u> at ¶ 12). "The state courts were wrong and beyond any reasonable doubt." (Doc. # 1 at ¶ 20). This Court can only

conclude that Littell's constitutional claims are premised solely on the final judgment of the state courts, this Court's review of which is prohibited by the Rooker-Feldman doctrine.[4]

Littell's claim of "Conspiracy to Defraud the Herman Family Revocable Trust and Its Trustee" is similarly barred. Simply put, the Rooker-Feldman doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil, 544 U.S. at 284.

In deference to Littell's pro se status, the Court has read his Complaint with special care. See Albra v. Advan, Inc., 490 F. 3d 826, 829 (11th Cir. 2007) (holding that pro se pleadings are entitled to liberal construction). The Court

---

[4] Littell states: "The federal cases, pointed out in both the federal district and 11th appeals courts, Middle District courts, ruled that the Herman Family Trust was revocable, under Florida Law!!!! . . . The federal court on the hand stated 'that the state courts were all wrong . . . .'" (Doc. # 1 at ¶¶ 6-7). In adjudicating the claims in Littell's legal malpractice lawsuit, the District Court and the Eleventh Circuit did find that the Trust document "unambiguously expresses the settlors' intent to give the surviving settlor the power to amend the trust, including changing the beneficiary." Littell, 345 F. App'x at 420. This finding was limited to the question of legal malpractice and in no way represented a review of the state court decision.

7

sees no way that an amended complaint could change the outcome in this matter, however. It is the nature of the claims that deprives this Court of jurisdiction under Rooker-Feldman.

The Complaint is further proscribed by the Eleventh Amendment. "The Eleventh Amendment by its terms does not bar suits against a State by its own citizens, but courts have consistently held that an unconsenting State is barred from suit by its own citizen in federal court." Edelman v. Jordan, 415 U.S. 651, 662-63 (1974). Furthermore, "[t]he Eleventh Amendment extends to state agencies and other arms of the state." Berry v. State of Florida, No. 6:05-cv-1290-ORL-28JGG, 2006 WL 1280987, at *2 (M.D. Fla. May 5, 2006). Eleventh Amendment immunity has not been waived as to Littell's claims. See id. (noting that Florida's sovereign immunity must be expressly waived by statute).

This Court therefore lacks jurisdiction. "[I]t has been well settled . . . that the Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar." Edelman, 415 U.S. at 677-78; see also Kaimowitz v. The Florida Bar, 996 F.2d 1151, 1155 (11th Cir. 1993) (finding that the district court lacked jurisdiction to adjudicate claims against the Florida Bar).

Because Littell's claims for relief are barred by the Rooker-Feldman doctrine and the Eleventh Amendment, this Court does not have jurisdiction in this matter. The Court therefore dismisses the Complaint with prejudice as to all claims and Defendants.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

This case is dismissed with prejudice for lack of subject matter jurisdiction. The Clerk is directed to terminate all deadlines and motions and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of March, 2012.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record

9